FLOTILL PRODUCTS, INC., Appellant,

v.

FEDERAL TRADE COMMISSION,
Appellee.

No. 16658.

United States Court of Appeals
Ninth Circuit.

June 1, 1960.

Rehearing Denied July 26, 1960.

---

Jefferson E. Peyser, San Francisco, Cal., Howrey & Simon, William Simon, Washington, D. C., for appellant.

Daniel J. McCauley, Jr., General Counsel, Alan B. Hobbes, Asst. Atty. Gen., E. K. Elkins, Attorney FTC, Washington, D. C., for appellee.

Before MAGRUDER, ORR and JERTBERG, Circuit Judges.

ORR, Circuit Judge.

After what Flotill Products, Inc., hereafter Flotill, describes as a broad ex-

amination of its affairs, the Federal Trade Commission, hereafter Commission, issued its complaint charging that Flotill had violated and was violating the provisions of sections 2(c) and 2(d) of the amended Clayton Act, 15 U.S.C.A. § 13(c) and (d). Thereafter the Commission referred the case to a hearing examiner. During the course of the proceedings before the hearing examiner an application was made by counsel supporting the complaint for the issuance of a subpoena duces tecum. The subpoena was issued and Flotill, deeming it oppressive and illegally issued, refused to comply. The Commission then made application to the United States District Court for the Northern District of California, Southern Division for an order pursuant to section 9 of the Federal Trade Commission Act, 15 U.S.C.A. § 49, which reads in relevant part:

"Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in the case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof."

Flotill answered and after a hearing the district court entered the following order:

"It Is Therefore Ordered that respondent, Flotill Products, Incorporated produce the documents described in the said subpoena in items 1, 2 and 4, and as to item 3 relating only to any three trade areas, and any four customers irrespective of the trade areas specified, to be designated at a later date by petitioner, at respondent's place of business, before any representative of the Commission so designated by it, on ten days notice from the Commis-

sion and that the said respondent permit the inspection and copying of any such document; provided however that respondent need not produce any of the documents described in said subpoena relating solely to the sale of dietetic foods."

Items 1, 2, 3 and 4 of the subpoena read:

"1. A copy of the annual report for each year 1956, 1957, and 1958.

"2. A list of any and all products produced and/or processed by respondents during 1956, 1957, and 1958, indicating the item, type, grade, and quantity produced for each year.

"3. Such books, records, and documents, or certified tabulations thereof, as will disclose:

"(a) The names and addresses of each customer of respondents during each of the years 1956, 1957, and 1958;

"(b) The method of sale ('direct' or 'indirect') to each customer listed in (a) and the name of the broker, if 'indirect';

"(c) The total volume of sales to each customer listed under (a), per year;

"(d) The total amount of all advertising funds, promotional allowances, etc., paid or allowed per year during 1956, 1957, and 1958 to each customer listed under (a).

"4. Regarding all customers in the trade area of Boston, Massachusetts, all invoices and credit memoranda for all sales during 1956, 1957, and 1958."

█ Appellant makes no claim that the filing of a complaint by the Commission terminates its power to investigate but does assert that the hearing examiner is without authority to issue an "investigative" subpoena which Flotill claims he did here. We find it unnecessary to inquire into the validity of the subpoena issued by the hearing examiner because, as has been said by the Supreme Court of the United States, appeals such as this "raise only the question whether orders of court for the production of specified records have been validly made. * * *" Oklahoma Press Pub. Co. v. Walling, 1946, 327 U.S. 186, 195, 66 S.Ct. 494, 498, 90 L.Ed. 614. Flotill attacks the order of the district court on the ground that said court may not issue an order independent of and different in character from the administrative subpoena which was disobeyed. Its argument in support thereof is not persuasive. Section 9 of the Federal Trade Commission Act, hereinbefore quoted, imposes no such limitation on the court's power to aid the Commission in an investigation admittedly authorized by Congress. The proceeding in the district court was not ancillary to prior administrative action but formed an independent cause of action framed by the pleadings therein. I.C.C. v. Brimson, 1894, 154 U.S. 447, 487, 14 S.Ct. 1125, 38 L.Ed. 1047. Once the order of the trial court was entered, the hearing examiner's subpoena was superseded and became inoperative and irrelevant.

█ Appellant does not claim that the order is oppressive but it does object that the order permits the Commission to demand records relating solely to intrastate commerce. Whether a transaction the Commission decides to investigate is one in interstate commerce is to be initially determined by the Commission from the records it receives responsive to the court's order. Oklahoma Press Pub. Co. v. Walling, supra; Endicott Johnson Corp. v. Perkins, 1943, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424.

Order affirmed.