**NATIONAL LABOR RELATIONS BOARD, Applicant,**

v.

**THAYER, INC., of Gardner, Massachusetts, Thayer Inc., of Virginia, Thayer Company, Wilder Industries, Inc., and Catherine F. Theis, Respondents.**

Civ. A. No. 62–14.

United States District Court
D. Massachusetts.

Jan. 25, 1962.

Leo N. McGuire, Washington, D. C., Robert S. Fuchs, N.L.R.B., Boston, Mass., for applicant.

Donald Hurley, Paul H. Farrell, Roger P. Stokey, Goodwin, Proctor & Hoar, Boston, Mass., for respondents.

WYZANSKI, District Judge.

The N.L.R.B. has filed in this Court an application for an order requiring respondents Thayer, Inc., Wilder Industries, Inc., and Catherine F. Theis, (all of whom will hereafter be called "Massachusetts persons") and Thayer, Inc. of Virginia (hereafter called "Virginia") to obey certain administrative subpoenas

duces tecum heretofore served upon them. The service was made in connection with a matter now pending before the N.L.R.B. pursuant to § 10 of the National Labor Relations Act as amended, 29 U.S.C.A. § 160. Jurisdiction of this Court over the application and over the respondents is pursuant to § 11(2) of the Act.

The matter now before the Board is an Unfair Labor Practice proceeding in which charges have been filed against "Virginia". That administrative proceeding is pursuant to § 10(b) and (d) of the Act and involves an alleged discriminatory discharge in violation of § 8 of the Act. Without reviewing details, this Court notes that the N.L.R.B. has issued an order finding that "Virginia" did make discharges in violation of the Act and the Board has ordered that "Virginia" should restore to employment, and make restitution to, employees found to have been discriminatorily discharged.

"Virginia", asserting that it has gone out of business and disposed of all its assets, has not complied with the order of the Board. The General Counsel of the Board filed with the Board a motion for it to reopen the record and to remand the proceeding to the Regional Director to arrange for further hearing with respect to the remedy. In this motion, General Counsel alleged that "Virginia" was operated, owned, or controlled by the "Massachusetts persons" heretofore named. The allegation in the motion is that all of these persons and "Virginia" together constitute an integrated enterprise. The General Counsel seeks to have the "Massachusetts persons" made responsible for remedying the unfair labor practices committed by "Virginia".

At the request of the General Counsel, the N.L.R.B. on October 27, 1961 issued the administrative subpoenas duces tecum which are the subject of the present application. Authority for these subpoenas was said to be in § 11(1) of the Act. What is sought are records relating to the alleged inter-corporate ownership and common control, to the transfer of assets and liabilities among the respondents to the subpoenas, to the control of production and prices, and to other aspects of alleged intermingling of corporate affairs. Catherine F. Theis, one of the "Massachusetts persons", is said to be the last secretary of Arlington Chair Company, which is said to have been formerly part of the Thayer enterprise, and to be the predecessor of "Virginia."

Each of the subpoenas offered the witnesses the election of making the subpoenaed records available to a representative of the Board for inspection either at the office of the person subpoenaed or at some other place convenient to that person.

Pursuant to § 11(1) of the Act, each of the persons summoned timely filed with the Board petitions to revoke the subpoena directed to it or her. As bases for their petitions, each respondent alleged that there is no valid proceeding pending in connection with which the subpoena could be issued, that the evidence sought to be obtained was unrelated to any matter under investigation or in question within the meaning of § 11(1) of the Act, and that the evidence sought was not described with sufficient particularity.

The General Counsel opposed the petitions for revocation. The Board denied the revocation. Nevertheless, each of the persons summoned failed to appear and to produce the records.

Despite the excellent arguments addressed to me, the issues raised seem entirely foreclosed by adjudications binding upon me.

■ N. L. R. B. v. Deena Artware, 361 U.S. 398, at p. 402, 80 S.Ct. 441, 4 L.Ed.2d 400, particularly makes it clear that the N.L.R.B. is entitled to discovery in aid of the type of proceeding it is now conducting to determine whether "Virginia" and the "Massachusetts persons" were what is called a single enterprise so that each of the separate and distinct corporations may be held liable for the discriminatory discharge nominally effected by "Virginia" alone. Under the Deena Artware decision, it

is of no significance whether the "Massachusetts persons" were specifically charged at the outset of the N.L.R.B. proceeding against "Virginia". Nor is there any statutory or administrative rule which requires that they, as distinguished from "Virginia", be charged within a specific period of time after the discriminatory discharges occurred. Nor is there any need to show that any of the "Massachusetts persons" was a transferee or participant in a fraudulent conveyance. "The question whether the corporation * * * were only departments or divisions in one single enterprise is in a different category than those that arise under either 13 Eliz. or the modern law of preferences." Labor Board v. Deena Artware, 361 U.S. 398, 402, 80 S.Ct. 441, 443, 4 L. Ed.2d 400. "Discovery is useful in determining what the facts are. It is, indeed, necessary to determine whether the * * * Board's order should run to any of the affiliated corporations or their stockholders." (p. 404, 80 S.Ct. p. 444).

Nor need the Board make the subpoenas returnable before a trial examiner conducting a hearing, as distinguished from naming as the return place the office of the person summoned.

It is true that in the early days a *judicial* subpoena usually commanded those summoned "laying aside all pretences and excuses, to appear *at the trial*" (emphasis added). Blackstone, Commentaries, Bk. III, p. 369. But even judicial subpoenas are today used for other purposes. They may also command appearances before grand juries, which are investigatory, not trial, tribunals. Cf. Wilson v. U. S., 221 U.S. 361, 385, 31 S.Ct. 538, 55 L.Ed. 771. So far as concerns administrative subpoenas, the practice is equally broad. They may command appearance and production before an administrative investigator, at least where, as is the case with § 11 of the N.L.R.Act, Congress has so authorized. F. T. C. v. Menzies (D.Maryland), 145 F.Supp. 164, 170, affirmed 242 F.2d 81 (C.A.4); see 70 Harv.L.Rev. 1476.

Flotill v. F. T. C., (C.A.9), 278 F.2d 850.

Nor is it the rule, as respondents urge, that production before an investigator may not be commanded except where the administrative investigator is serving an agency that has promulgated discovery rules. Having power to command production before one of its investigators, the N.L.R.B. has the power to command the less onerous duty of production at the respondent's own office.

So far as concerns the items demanded in the subpoenas, I see no reason to doubt the relevance of all the matters mentioned. Each has an obvious relationship to the inquiry as to whether or not the "Massachusetts persons" are a single enterprise within the scope of the doctrine enunciated in the Deena Artware case.

The application is granted as prayed.