**FEDERAL TRADE COMMISSION,**
**Petitioner,**

v.

**John R. HARRELL and Natalia E.**
**Harrell, Respondents.**

**Civ. A. No. 4975.**

United States District Court
E. D. Illinois.

May 10, 1962.

J. B. Truly, Asst. Gen. Counsel, and John Gordon Underwood, Atty., Federal Trade Commission, Washington, D. C., for petitioner.

Robert H. Rice, East St. Louis, Ill., for respondents.

JUERGENS, District Judge.

The Federal Trade Commission filed its application for an order requiring respondents to testify and produce documentary evidence in an investigation initiated by it.

As authority for its position, it urges the application of Section 9 of the Federal Trade Commission Act (15 U.S.C.A. § 49).

The Federal Trade Commission, in its investigation to determine whether the respondents are or have been engaged in unfair and deceptive acts and practices in connection with interstate sales of mausoleum plans and franchises, issued an administrative subpoena duces tecum to the respondents on August 21, 1961, returnable on September 20, 1961 to the Clay County Court Room in the Clay County Court House in Louisville, Illinois.

On the date specified for the return of the subpoena, the respondents failed to appear in response to the subpoena.

The Federal Trade Commission asserts that it has the power to issue the ad-

ministrative subpoena duces tecum, hereinabove described, under the provisions of Section 9 of the Federal Trade Commission Act (15 U.S.C.A. § 49).

This section provides in pertinent parts as follows:

"For the purposes of sections 41–46 and 47–58 of this title the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of ANY CORPORATION being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. * * *" (Emphasis supplied).

The respondents are individuals doing business as Harrell & Company, P. O. Box 8, Louisville, Illinois, and are engaged "in the sale of mausoleum plans and franchises to operate said mausoleums."

The section upon which the petitioner relies grants to the Commission the power to examine and copy documentary evidence of any *corporation* being investigated or proceeded against and grants to the Commission the power to require by subpoena the attendance and testimony of witnesses and the production of documentary evidence relating to any matter under investigation.

Section 5 of the Act (Title 15 U.S.C.A. § 45) gives power to the Commission to prevent unfair methods of competition or unfair or deceptive act or practice in commerce and in pursuance of this power grants the Commission the authority to issue and serve upon any *person, partnership* or *corporation* a complaint stating the charges and containing a notice of a hearing upon a day and at a place fixed by the Commission and may require such *person, partnership* or *corporation* to appear and show cause why an order should not be entered by the Commission requiring the *person, partnership* or *corporation* to cease and desist from the violation of the law charged in the complaint.

Under the provisions of Section 5 Congress intended that the Commission should have power to proceed against persons, partnerships or corporations in the manner described in that section.

Section 9 of the Act makes no reference to persons or partnerships as concerns the subpoena powers, but rather the reference in the authority granted would appear to be limited to corporations being investigated or proceeded against. It seems quite obvious that if Congress had intended that individuals and partnerships were to be proceeded against by Section 9, they would have inserted those terms and included those identities in this section as was done in Section 5.

It seems quite clear that the phrase in Section 9 "such documentary evidence" is susceptible of no interpretation other than the documentary evidence of any corporation being investigated or proceeded against. Here there is involved no corporation, nor are there involved any corporate records. Rather, according to the petition, the persons against whom the subpoena is levied are individuals doing business as individuals and not as a corporation. For this Court to find that Section 9 means not only corporate records but also records of individuals, as requested, would be to give a completely different meaning to the statute than that of the wording placed therein by Congress, and by so doing this Court would in effect be legislating. This the Court cannot do. Legislation must be left to Congress and not to the courts.

Following the clear import of the language of Section 9, the Court reaches the inescapable conclusion that it was meant to apply to corporate records and evidence and not to the situation here presented.

The Court finds that Section 9 of the Federal Trade Commission Act (Title 15 U.S.C.A. § 49) does not grant this Court the power to require the production

of individual or partnership records under the specific facts of this case and, accordingly, finds that the petition should be denied.

IT IS, THEREFORE, THE ORDER of this Court that the application of the Federal Trade Commission for an order requiring respondents John R. Harrell and Natalia E. Harrell to testify and produce documentary evidence in an investigation being conducted by it be and the same is hereby denied.