**LOCAL 57, INTERNATIONAL UNION OF OPERATING ENGINEERS (AFL-CIO), Respondent, Appellant,**

v.

**W. Willard WIRTZ, Secretary of Labor, U. S. Department of Labor, Petitioner, Appellee.**

**No. 6207.**

United States Court of Appeals
First Circuit.

Heard Dec. 3, 1963.

Decided Jan. 10, 1964.

Julius C. Michaelson, Providence, R. I., with whom Richard A. Skolnik, Providence, R. I., was on brief, for appellant.

Morton Hollander, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., Raymond J. Pettine, U. S. Atty., and John C. Eldridge, Atty., Dept. of Justice, were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Rhode Island directing appellant Local 57, International Union of Operating Engineers (AFL–CIO) to produce certain records. The order followed appellant's refusal to comply with

a subpoena issued by appellee Secretary of Labor in furtherance of an investigation under section 601 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 521. Little purpose would be served in reciting the path followed by appellant below except to say that it has raised, seriatim, objections to the subpoena, and to the proceedings in the district court, over a period of 15 months in a manner reminiscent of the game of "hare and hounds" condemned in United States v. Bryan, 1950, 339 U.S. 323, 331, 70 S.Ct. 724, 94 L.Ed. 884. A number of questions are raised here. What is seemingly the principal one, that the subpoena was "misdirected" because addressed to an unincorporated voluntary association, flies squarely in the face of Brown v. United States, 1928, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500, and the effect of United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542. The asserted distinction,[1] assuming appellant to be in a position to argue the point, is that this case is unlike the cited cases because there is here involved a statutory immunity provision [2] and if the subpoena is not directed to a natural person the intended immunity will not be achieved.

 It is well settled that an unincorporated labor union has no constitutional privilege against self-incrimination, and equally settled that an officer of such an association is not entitled to invoke a personal privilege in the mere production of its records in a representative capacity. United States v. White, supra; see Curcio v. United States, 1957, 354 U.S. 118, 122–125, 77 S.Ct. 1145, 1 L.Ed.2d 1225; Goldberg v. Truck Drivers Local Union No. 299, 6 Cir., 1961, 293 F.2d 807, 814, cert. den. 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337. We find no indication that Congress intended to grant an immunity more extensive than that required to obtain testimony or other evidence over a claim of the constitutional privilege. Cf. Shapiro v. United States, 1948, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787; Heike v. United States, 1913, 227 U.S. 131, 141–143, 33 S.Ct. 226, 57 L.Ed. 450.

 Appellant next refers to the fact that the Secretary's subpoena power results from the Act's incorporating by reference, 29 U.S.C.A. § 521(b), the provisions of sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C.A. §§ 49, 50, and argues that the latter provisions permit only administrative subpoenas directed to a corporation being investigated or proceeded against.[3] Passing the fact that, while appellant offers no authority,[4] appellee cites a number of cases in which the courts have, without comment on the point, enforced such subpoenas issued by the Secretary

---

1. Another alleged difference deserves, at best, a footnote. Appellant points out that the present subpoena, unlike those in the cited cases, contained an *ad testificandum* clause. The district court treated this clause as surplusage and did not order it enforced. Appellant has no complaint. See discussion in McGarry v. S. E. C., 10 Cir., 1945, 147 F.2d 389; see, also, Flotill Prods., Inc. v. F. T. C., infra.

2. See Federal Trade Commission Act, § 9, 15 U.S.C.A. § 49, incorporated by reference, 29 U.S.C.A. § 521(b).

3. Section 9 of the Federal Trade Commission Act, 15 U.S.C.A. § 49, provides in part:
 "For the purposes of sections 41–46 and 47–58 of this title the commission,

or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

4. In support of its position appellant does cite the district court decision in F.T.C. v. Harrell, D.C.E.D.Ill., 1962, 205 F. Supp. 17, without noting the fact that that decision had been reversed, see infra, nine months before its brief was filed.

**470**

of Labor, see, e. g., Goldberg v. Truck Drivers Local Union No. 299, supra; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Goldberg, 1962, 112 U.S. App.D.C. 391, 303 F.2d 402, cert. den. 370 U.S. 938, 82 S.Ct. 1589, 8 L.Ed.2d 808, the objection involves an incorrect construction of the F.T.C. act. The first paragraph of section 9 of the F.T.C. act (supra fn. 3), although perhaps inartfully drafted, is concerned with two separate investigatory powers: that of access and copying, and that of subpoena. While the former power is limited in its application by the terms of the F.T.C. act to "corporation being investigated or proceeded against," the subpoena power is not so restricted.[5] See F.T.C. v. Tuttle, 2 Cir., 1957, 244 F.2d 605, cert. den. 354 U.S. 925, 77 S.Ct. 1379, 1 L.Ed.2d 1436; F.T.C. v. Harrell, 7 Cir., 1963, 313 F.2d 854.

■ Equally without merit is appellant's objection that appellee was not entitled to an order without a showing of probable cause, or a verified petition. Goldberg v. Truck Drivers Local Union No. 299, supra; cf. Oklahoma Press Pub. Co. v. Walling, 1946, 327 U.S. 186, 66 S. Ct. 494, 90 L.Ed. 614.

■ Appellant urges next that the district court erred in departing in its order from the precise language of the subpoena. It complains in particular that it has been ordered to permit appellee to examine the records for genuineness. We will not hold that the court's order in this respect was an abuse of discretion, since if the records were not genuine appellant would not have complied with the statute. It is a sufficient answer to the other objections that there is no statutory requirement that the order parrot the subpoena; the district

court action is an independent proceeding. Flotill Prods., Inc. v. F.T.C., 9 Cir., 1960, 278 F.2d 850, cert. den. 364 U.S. 920, 81 S.Ct. 284, 5 L.Ed.2d 260. There is nothing in appellant's objection to the order's amplifying the subpoena by including specifically the records of Local 57's "Baseball Booster Fund," so-called. If there are records which are not appellant's, or not subject to its control (control being sufficient, cf. F.T.C. v. Tuttle, supra), obviously it cannot produce them, and could not be held in contempt. However, appellee has submitted an affidavit making a prima facie showing that there are available records, which has been contradicted, if at all, only by unsworn statements of counsel.

■ Finally, appellant complains of the fact that it has been ordered to submit records from July 1, 1959, whereas the statute did not become effective until September 14, 1959. This matter, involving the interpretation of 29 U.S.C.A. § 437, has been fully considered in International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Goldberg, supra. We quite agree with the court in that case that the Secretary may demand records for the full period covered by the initial report submitted under one or the other of the alternative provisions of the act regardless of when that period commenced. On the record before us we cannot tell what are the facts in this regard, but we see no point in remanding the case for further hearings on this minor matter. We will, instead, affirm the order of the district court in its entirety, but instruct the court that the union should not be held in contempt in the event it fails to comply with the order solely to the extent, if any, that the order exceeds the period which we have held.

5. We do not reach the point, but we doubt whether the sentence quoted in fn. 3, supra, relating to the Federal Trade Commission's power to copy "corporation" records is to be read as so limited in connection with section 601(a) of the LMRDA, 29 U.S.C.A. § 521(a), which, in general, is concerned as much with

unincorporated as with corporate bodies. Congress seems elsewhere to have recognized a distinction of similar character. Compare, e. g., sections 9 and 11 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 209, 211, with section 402 of the Packers & Stockyards Act, 1921, 7 U.S.C.A. § 222.

permissible. It may be that the Secretary has a further reason for antedating September 14, 1959, but we will not consider it on this record.

Judgment will be entered affirming the order of the District Court.