**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Petitioner,**

v.

**LOCAL 57, INTERNATIONAL UNION OF OPERATING ENGINEERS (AFL-CIO), Providence, Rhode Island, Respondent.**

Civ. A. No. 3350.

United States District Court
D. Rhode Island.

Oct. 28, 1964.

John W. Douglas, Asst. U. S. Atty. Gen., Washington, D. C., Raymond J. Pettine, U. S. Atty., Frederick W. Faerber, Jr., Asst. U. S. Atty., Providence, R. I., for petitioner.

Julius C. Michaelson, Richard A. Skolnik, of Abedon, Michaelson & Stanzler, Providence, R. I., for respondent.

DAY, District Judge.

This is a petition to compel the respondent, Local 57, International Union

of Operating Engineers (AFL–CIO) to comply with two subpoenas duces tecum issued by the Secretary of Labor for the production of certain documents, papers and records therein described, as provided for in Section 601 of the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C.A. § 521.

This matter is now before me upon the respondent's motion to dismiss said petition.

Said petition alleges in substance that the Secretary, acting by and through officers duly designated by him, believing it necessary to determine whether the respondent (or any officer, employee, or person authorized to perform executive functions thereof within the meaning of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq.) is or at any time since October 1, 1962 has been violating any provision of said Act, is and has been conducting an investigation within the jurisdiction of this Court involving a determination whether any person has violated or is about to violate any provision of said Act, except Title I thereof, or amendments made by said Act to other Statutes; that for the purpose of said investigation the Secretary caused the issuance on September 1, 1964 of two subpoenas duces tecum directed to the respondent, which were duly served upon an officer thereof on September 4, 1964; that the first of said subpoenas duces tecum calls for the production by the respondent on September 11, 1964, at the time and place designated therein, of documents, papers and records relating to the nominations for and election of officers of said Local held on June 2, 1964; the second subpoena duces tecum calls for the production on the same date, at the same time and place, of records for the period from October 1, 1962 to the date of its issuance on matters required to be reported by the respondent to the Secretary of Labor under the provisions of Section 201 of said Act, 29 U.S.C.A. § 431; and that the respondent has failed and continues to fail to comply with both of said subpoenas.

Although said petition alleges that each of said subpoenas also commanded the respondent to appear and give testimony, an examination of copies thereof which are incorporated by reference in said petition discloses that neither contains an ad testificandum clause.

Section 601 of said Act vests the Secretary of Labor with broad powers of investigation into violations of said Act. It reads as follows:

"Sec. 601(a) The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this Act (Except Title I or amendments made by this Act to other Statutes) to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto. The Secretary may report to interested persons or officials concerning the facts required to be shown in any report required by this Act and concerning the reasons for failure or refusal to file such a report or any other matter which he deems to be appropriate as a result of such an investigation.

"(b) For the purpose of any investigation provided for in this Act, the provisions of sections 9 and 10 (relating to the attendance of witnesses and the production of books, papers, and documents) of the Federal Trade Commission Act of September 16, 1914, as amended (15 U.S.C. 49, 50), are hereby made applicable to the jurisdiction, powers, and duties of the Secretary or any officers designated by him."

In support of its motion, counsel for respondent contend that the Secretary of Labor has no authority to investigate said union election and to issue a subpoena duces tecum in connection therewith unless a complaint has been filed with him by a member of the re-

spondent concerning the election and unless such member has complied with the requirements of Section 402 of said Act, 29 U.S.C.A. § 482, with respect to the exhaustion of internal remedies. Since the petition fails to allege the filing of such a complaint and the exhaustion of said remedies, they assert this Court lacks jurisdiction to entertain the instant petition.

In my opinion this contention is without merit. The same issue was raised by and decided adversely to the appellant in Wirtz v. Local 191, International Brotherhood of Teamsters, etc. 1963, 2 Cir., 321 F.2d 445, where the Court of Appeals held at Pages 447, 448:

"If the Secretary has a general power of investigation under Section 601, it is, of course, irrelevant whether the complaining member met the requirements of Section 402, and, indeed, whether or not any individual complaint was filed with the Secretary. Thus the issue raised by appellant is whether investigation under Section 601 of violation of the statutory regulation of elections is limited to those violations which are complained of by an individual member of the union.

"Our initial consideration of this problem leads to the conclusion that no reason is made to appear why Congress could have chosen to exempt union elections from the broad reach of the Secretary's investigatory powers. The concern of Congress with the operation of the democratic process within unions is strikingly reflected by the extensive regulation of elections which is imposed by Title IV. No suggestion is made that any Congressional purpose would have been served by giving the Secretary the broadest authority to initiate investigations in other fields of particular interest while circumscribing that authority in the field of elections. * * *

"No conflict is created by reading Section 402 and Section 601 together. Section 402 provides for the Secretary's instituting an action in the courts in behalf of an individual who has complained of a violation of Title IV. Section 601 provides that the Secretary shall 'determine the facts relative' to a violation or threatened violation and that he may report the results of his investigation 'to interested persons or officials.' It may be that some or all of the limitations of Section 402, such as the exhaustion of internal remedies, are relevant to the suit which that section authorizes; there is in Section 601 no similar limitation on the Secretary's power to investigate and report. Presumably the Secretary can bring an action only when a complaint has been filed by an individual member (Section 402). But he can investigate and report without such a complaint. The two sections of the statute can thus be read together and each be given full effect in complete harmony and without any trace of clashing purposes."

■■■ As an additional ground for its motion, respondent asserts that there is no showing of probable cause in said petition which would warrant the enforcement of compliance with said subpoenas duces tecum. This ground is clearly without merit. Local 57, International Union of Operating Engineers v. Wirtz, 1964, 1 Cir., 326 F.2d 467; Goldberg v. Truck Drivers Local Union No. 299, 1961, 6 Cir., 293 F.2d 807, cert. den. 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed. 2d 337.

Another ground urged in support of said motion to dismiss is that each of said subpoenas duces tecum contains an ad testificandum clause and that the inclusion of such a clause therein constitutes good cause for non-compliance therewith by the respondent. This ground is equally without merit. As hereinbefore pointed out, neither of said subpoenas duces tecum contains an ad testificandum clause.

The remaining grounds asserted in support of said motion to dismiss have been considered by me and they are, in my opinion, without any merit and require no discussion. Said motion to dismiss is accordingly denied.