**LOCAL 57, INTERNATIONAL UNION OF OPERATING ENGINEERS (AFL-CIO), Respondent, Appellant,**

v.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Petitioner, Appellee.**

No. 6443.

United States Court of Appeals
First Circuit.

Heard March 3, 1965.

Decided May 26, 1965.

Julius C. Michaelson, Providence, R. I., with whom Richard A. Skolnik, Providence, R. I, was on brief, for appellant.

John W. Douglas, Asst. Atty. Gen., with whom Raymond J. Pettine, U. S. Atty., and Morton Hollander and Robert J. Vollen, Attys., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, WATERMAN,* Circuit Judge, and GIGNOUX, District Judge.

GIGNOUX, District Judge.

■ This is an appeal from an order of the District Court directing appellant to comply with a subpoena duces tecum issued under authority of the Secretary of Labor pursuant to Section 601 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 521 (Supp. V 1959–63). We hold that the issuance of the subpoena was a proper exercise of the Secretary's power under Section 601 and that no cause has been shown why appellant should not be required to produce the records sought. We, therefore, affirm the order of the District Court.

The subpoena in question was issued incident to the Secretary's investigation of an election of officers of the appellant union. Title IV of the Labor-Management Reporting and Disclosure Act regulates such elections. 29 U.S.C. § 481 et seq. Section 601 of the Act vests the Secretary of Labor with broad power to investigate violations of the Act. It provides:

"(a) The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this Act (except Title I or amendments made by this Act to other statutes) to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto. The Secretary may report to interested persons or officials concerning the facts required to be shown in any report required by this Act and concerning the reasons for failure or refusal to file such a report or any other matter which he deems to be appropriate as a result of such an investigation.

"(b) For the purpose of any investigation provided for in this Act, the provisions of sections 9 and 10 (relating to the attendance of witnesses and the production of books, papers and documents) of the Federal Trade Commission Act of September 16, 1914, as amended (15 U.S.C. 49, 50), are hereby made applicable to the jurisdiction, powers, and duties of the Secretary or any officers designated by him."

On its face, Section 601 gives the Secretary ample authority to investigate a union election and to issue a subpoena duces tecum in connection with his investigation. Appellant contends, however, that the Secretary's power to do so is limited by the provisions of Section 402 of the Act, 29 U.S.C. § 482, which reads in pertinent part:

"(a) A member of a labor organization—(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation, may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of Section 401 (including violation of the constitution and bylaws of

---

* Sitting by designation.

the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and by-laws may provide.

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this title has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this title and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization."

Appellant asks us to construe Section 601 so as to limit the authority of the Secretary to investigate a union election to a situation in which a union member has filed a complaint and has otherwise satisfied the requirements with respect to the exhaustion of internal remedies, which are set forth in Section 402(a) as prerequisites to the institution by the Secretary of a civil action challenging the election under Section 402(b).

The precise issue which appellant raises has been fully considered and determined adversely to appellant by the Court of Appeals for the Second Circuit in the recent case of Wirtz v. Local 191, Int'l Bhd. of Teamsters, 321 F.2d 445 (2d Cir. 1963). We agree with the decision in that case and concur in the views expressed by Judge Hays for that court. As Judge Hays notes in his persuasive analysis, certainly the language of Section 601 suggests no limitation on the Secretary's power to investigate violations of the provisions of Title IV of the Act regulating union elections; indeed the wording of Section 601, which expressly excepts from the Secretary's investigatory authority "Title I or amendments made by this Act to other statutes," strongly supports the view that the Secretary has the power to investigate violations of Title IV, which is not listed as an exception. As Judge Hays further points out, the result indicated by this language of the statute is consistent with the legislative history and with Congress' concern for union democracy as evidenced by its extensive regulation of union election procedures in Title IV. Nor has appellant in this case cast any doubt on Judge Hays' conclusion that the two sections of the statute can each be given full effect in complete harmony, because they are directed to two different objectives. Section 402 provides for the Secretary's instituting a court action to set aside an election; his power to do so is conditioned upon the filing of a complaint by an individual union member who has exhausted his internal union remedies. Section 601, on the other hand, authorizes the Secretary to investigate an election; his power to do so is not conditioned upon receipt of a complaint from an individual member of the union. We perceive no conflict which is created by thus reading Section 601 as permitting the Secretary to investigate in circumstances where he could not bring suit under Section 402. Cf. Wirtz v. Local 125, Int'l Hod Carriers, 231 F.Supp. 590 (N.D.Ohio 1964).

█ In addition to the arguments apparently presented to the Court of Appeals for the Second Circuit in Local 191, appellant here advances only two arguments meriting comment. The first is that because the second sentence of Section 601(a) authorizes the Secretary to report to interested persons "concerning the facts required to be shown in any report required by this Act and concern-

ing the reasons for failure or refusal to file such a report * * * ", the Secretary's power of investigation is limited to matters required to be reported by the Act; and the Act does not require reports concerning union elections. We cannot agree with this construction of the statute. Apart from the fact that there is no indication in the statutory language that the authority to report conferred upon the Secretary by the second sentence of Section 601(a) was intended in any way to limit the power to investigate granted by the first sentence of that section, appellant's argument completely ignores the last clause of the second sentence. This clause explicitly gives to the Secretary the power to report not only concerning the subject matter of reports required by the Act, but also concerning "any other matter which he deems to be appropriate as a result of such an investigation."

■■ Appellant's second new argument is that, in view of the express exclusion of Title I violations from Section 601, the Secretary's power to investigate the election for Title IV violations was preempted by the fact that a suspended union member, Edwin L. Archibald, apparently has commenced an action in the District Court based on an alleged violation of his rights under Title I of the Act. See Section 102 of the Act, 29 U.S.C. § 412. We must reject this argument also. It rests on the false premise that union misconduct which deprives an individual of rights guaranteed to union members by Title I may not also constitute a violation of duties imposed

upon the union by Title IV. Compare Section 101(a) (1) of the Act, 29 U.S.C. § 411(a) (1), with Section 401(b) and (e) of the Act, 29 U.S.C. § 481(b) and (e). Furthermore, we cannot believe that Congress could have intended that the institution of a suit by an individual union member should limit the Secretary's full power to investigate a union election under Section 601. Cf. Wirtz v. Local 191, Int'l Bhd. of Teamsters, supra, 321 F.2d at 448; International Bhd. of Teamsters v. Wirtz, 346 F.2d 827 (D.C. Cir. April 29, 1965).[1]

■■ Appellant also contends that even if the issuance of the subpoena was authorized under Section 601, the District Court erred in ordering production of the records specified in the subpoena pertaining to Archibald's membership status and to his suspension from membership on or about April 1, 1963. The sole reason advanced is that the Secretary has made no showing that any such records are relevant to the investigation of the election in question, which was held on June 2, 1964, approximately 14 months after the date of Archibald's suspension.[2] But, as the District Court found, the subpoena on its face indicates that these records are relevant to the investigation which the Secretary is conducting. Section 401(e) of the Act provides that "every member in good standing" of a union shall have the right to vote in union elections "without being subject to penalty, discipline, or improper interference or reprisal of any kind * * *." 29 U.S.C. § 481(e). Certainly, the appellant union's records relating to Arch-

1. Appellant also argues that if Section 601 is construed to empower the Secretary to investigate Title IV violations prior to the date of an election, the investigation might well unduly influence the outcome of the election. Since the investigation in this case was not instituted until after the election had been held, we express no opinion as to the Secretary's power to commence an investigation during an election campaign.

2. We do not understand that appellant, by referring to the need for a showing of relevancy, is suggesting that the Secre-

tary must show probable cause, before the Court may order compliance with the subpoena. Such a contention was rejected by us as clearly without merit in Local 57, Int'l Union of Operating Engineers v. Wirtz, 326 F.2d 467, 470 (1st Cir. 1964). Accord, Goldberg v Truck Drivers Local 299, 293 F.2d 807 (6th Cir.), cert. denied, 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337 (1961); Int'l Bhd. of Teamsters v. Goldberg, 112 U.S. App.D.C. 391, 303 F.2d 402 (D.C.Cir.), cert. denied, 370 U.S. 938, 82 S.Ct. 1589, 8 L.Ed.2d 808 (1962); Int'l Bhd. of Teamsters v. Wirtz, supra.

ibald's membership status and to his suspension from membership are relevant to an investigation of a possible violation of this section in connection with the election of June 2, 1964. Furthermore, contrary to appellant's assertion, appellant had the burden of showing that Archibald's membership records were not relevant to the election investigation. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 218, 66 S.Ct. 494, 90 L.Ed. 614 (1946); FTC v. Standard American, Inc., 306 F.2d 231, 235 (3d Cir. 1962); Goldberg v. Truck Drivers Local 299, supra, 293 F.2d at 812. Appellant does not suggest that it discharged this burden. And the record belies its contention that the District Court denied it an opportunity to do so.

Judgment will·be entered affirming the order of the District Court. .