THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD C. DETHLOFF, Respondent, and SAMUEL SAPOWITCH, Appellant.

Argued June 12, 1940; decided July 24, 1940.

*James O. Moore, Daniel J. Kenefick* and *Philip Halpern* for defendant-appellant. The intention of the Legislature in adopting section 2595 of the Code of Civil Procedure is clear and unmistakable: (1) To have the first appointment of a public administrator for Erie county made immediately upon the creation of the office; (2) to have the term of the first appointee run from the date of the appointment to the expiration of five years from the following January first; (3) to have subsequent appointments made every five years thereafter, to wit, on January first, for terms of five years each. (*Matter of Ahlers*, 141 App. Div. 891; 201 N. Y. 592; *Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Matter of Bickerton*, 232 N. Y. 1; *Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18.) The statute should be read and construed in the light of the common law rule that an appointment to office in anticipation of a vacancy therein is invalid if the officer making the appointment is no longer in office when the vacancy occurs. So read and construed, it is clear that the Legislature did not intend to authorize a prospective appointment of public administrator of Erie county by a Surrogate whose own term of office was to expire before the commencement of his appointee's term. (*People* v. *Fitzgerald*, 180 N. Y. 269; *People ex rel. Smith* v. *Kenyon*, 241 App. Div. 177; 265 N. Y. 537; *Ferkin* v. *Board of Education*, 253 App. Div. 751; *Matter of Towne* v. *Porter*, 128 App. Div. 717; *State ex rel. Morris* v. *Sullivan*, 81 Ohio St. 79; *Oberhaus* v. *State*, 173 Ala. 483; *People ex rel. Sweet* v. *Ward*, 107 Cal. 236; *Ivy* v. *Lusk*, 11 La. Ann. 486; *State ex rel. Bownes* v. *Meehan*, 45 N. J. L. 189; *Dickinson* v. *Jersey City*, 68 N. J. L. 99; *State ex rel. Attorney-General* v. *Thompson*, 9 Ohio C. C. 161.)

*Henry W. Killeen, Thomas C. Burke* and *Francis J. Maloney* for defendant-respondent. The Legislature had

unrestricted authority to provide how and when appointments to the office of public administrator of Erie county should be made, including power to provide for an appointment in anticipation of the expiration of a term. (*Sun Publishing Assn.* v. *Mayor*, 8 App. Div. 230; 152 N. Y. 257; *People ex rel. Wood* v. *Draper*, 15 N. Y. 532; *People ex rel. Ward* v. *Scheu*, 167 N. Y. 292; *Morrall* v. *County of Monroe*, 271 N. Y. 48; *Palmer* v. *Stubley*, 57 Misc. Rep. 480.)

LEWIS, J. Each of the two defendants claims the office of Public Administrator of Erie County by legal appointment. Recognizing in the controversy a matter of public concern, and in an effort to bring about a judicial determination of the question involved, the Attorney-General invoked procedure authorized by sections 546–548 of the Civil Practice Act and in due course the matter came before the Appellate Division as a submitted controversy.

The claim of the defendant-respondent Dethloff, which has been upheld by the Appellate Division, rests upon his appointment on September 7, 1939 — to take office January 1, 1940 — by Surrogate Montesano, who was then serving as Surrogate of Erie County under an interim appointment terminating December 31, 1939, made necessary by his predecessor's death in office.

The claim of the defendant-appellant Sapowitch rests upon his appointment on January 1, 1940, by Surrogate Vandermeulen who had been duly elected Surrogate and assumed office on that date.

As each defendant asserts that his appointment was made under authority given to the Surrogate of Erie County by section 125 of the Surrogate's Court Act (Laws of 1920, ch. 928) — formerly section 2595 of the Code of Civil Procedure (Laws of 1914, ch. 443) — our problem is one of statutory construction to determine the precise authority granted by the Legislature to the appointing officer. The material portions of the statute to be construed are as follows:

" The surrogate of the county of Erie shall, within ten days after September first, nineteen hundred and fourteen,

and every five years thereafter, except as hereinafter provided, appoint a suitable person as public administrator of and for said county, to take office immediately, and to hold office for the term of five years from the first day of January succeeding his appointment, unless sooner removed for cause.

" In case of a vacancy in said office by reason of death, resignation or otherwise, said surrogate shall fill the same by appointing a suitable person as public administrator, to take office immediately upon his appointment and qualification, and hold for the term of five years from the first day of January succeeding his appointment, unless sooner removed for cause. * * * "

At the outset we note among the conceded facts that on September 7, 1939, when the defendant Dethloff was appointed, there was an incumbent in the office of Public Administrator whose term of office did not expire until December 31, 1939. It also appears that in the formal appointment of *each* defendant his term is designated as " *beginning on the first day of January, 1940*, and expiring at midnight on the 31st day of December, 1944."

The question is thus presented — did the statute under consideration authorize Surrogate Montesano, whose term of office expired December 31, 1939, to anticipate a vacancy which normally would not occur until his term had expired and to appoint on September 7, 1939, a Public Administrator to take office January 1, 1940?

The judgment which we review, in effect, answers that question in the affirmative. In reaching that conclusion we believe the Appellate Division erred in adopting an interpretation of the statute which ascribes to the Legislature an intent to introduce a system of prospective or anticipatory appointments despite a long-standing public policy and a well-established common law rule to the contrary and in the absence of a clear indication in the statute of an intent to bring about such a change. Furthermore, by excising from the statute the phrase " to take office immediately," as being in irreconcilable conflict with the remainder of the

statute, we believe the Appellate Division has discarded the phrase which, more than any other, discloses the true intent of the act and gives point to much of the statute which remains.

In that connection it is not difficult to understand why the phrase " to take office immediately " must be disregarded if the view which has thus far prevailed is to be adopted. The defendant Dethloff concedes that he could not have taken office under his appointment until a vacancy occurred on January 1, 1940. He asserts that he had the right to take office on that date solely by reason of his appointment which had been made on September 7, 1939. If he is correct in the latter assertion, and if he gives full effect to the language which the Legislature chose to employ to express its intent, it must follow that he was required " to take office immediately " after his appointment on September 7, 1939. But on that date no vacancy in the office existed. It is this anomalous position in which the respondent is thus placed which prompted the Appellate Division to reject the phrase as being in conflict with what it conceives to be the purpose of the act.

Viewed in the light of settled rules of construction and of certain common law principles, we find in the statute a grant by the Legislature to the Surrogate of Erie County of a power of appointment which we believe was improperly exercised in favor of the defendant Dethloff. If the Legislature intended that the normal method of appointment should give way to the abnormal practice of permitting prospective appointments which, as in the instant case, may become effective after the appointing officer is out of office, we would expect to find some clear indication of an intent to abrogate a well-established common law rule. That rule, as stated by Judge VANN in *People* v. *Fitzgerald* (180 N. Y. 269, 274), is " * * * that an appointment to office in anticipation of a vacancy therein is good only in case the officer making the appointment is still in office when the vacancy occurs." (See, also, *People ex rel. Smith* v. *Kenyon,* 241 App. Div. 177, 180; affd., 265 N. Y.

537; *State ex rel. Morris* v. *Sullivan*, 81 Ohio St. 79; 26 L. R. A. [N. S.] 514; Throop on Public Officers, § 92; Mechem on Public Offices and Public Officers, § 133.)

Of course it is true, as suggested by the Appellate Division, that it is always within the power of the Legislature, subject to constitutional limitations, to change the common law rule or to create exceptions to it. But we must read the statute in the light of the common law in force at the time of its enactment. The Legislature will not be presumed to have intended a change in a settled rule of common law then in force, unless it employs language which clearly imports such intention. When a change is intended, " * * * it is not deduced from words of doubtful meaning. Uncertainties are resolved against consequences so drastic." (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213, 215. See, also, 2 Lewis' Sutherland on Statutory Construction [2d ed.], §§ 454–455, pp. 862–864; Dwarris on Statutes [2d ed. (1848)], pp. 563, 564, 565; Maxwell on Interpretation of Statutes, p. 71.)

We are told that the statute under consideration is inaptly phrased. Upon that subject there is merit in the suggestion by counsel for the appellant Sapowitch that any awkwardness of expression in the statute disappears if the clause " and every five years thereafter, except as hereinafter provided," is transposed from the place in which it is found to the end of the first sentence. (*Archer* v. *Equitable Life Assurance Society*, 218 N. Y. 18, 22.) It is unnecessary, however, to go to that length to ascertain what we believe to be the true intent of the statute. Finding in it no language which clearly authorizes a Surrogate to make a prospective appointment in anticipation of a vacancy to occur after he is out of office, we apply to the statute the rule of construction stated by Chief Judge RUGER in *Hayes* v. *Davidson* (98 N. Y. 19, 22): " If the terms in which it is couched are susceptible of two interpretations, that one ought to be adopted which conforms most nearly to the rules of the common law * * *."

Proceeding, as we must, upon the assumption that the Legislature did not deliberately place in the statute a phrase which was intended to serve no purpose (*Allen* v. *Stevens,* 161 N. Y. 122, 145; *Palmer* v. *Van Santvoord,* 153 N. Y. 612, 616), we give full effect to the phrase " to take effect immediately." This phrase, which the respondent has chosen to disregard, reveals to us the legislative intent that in making the original appointment to the office of Public Administrator and whenever thereafter for any cause a vacancy in the office should occur midyear, such appointments should be made " immediately." Thus in the case of the first appointment in September, 1914, and when subsequent appointments were to be made to vacancies occurring midyear, there was to be prefixed to the statutory term of five calendar years, to begin on the first day of January following such appointment, whatever fraction of the year remained until that date. Such a construction gives effect to what we believe to have been the purpose of the Legislature to avoid delay in the first appointment of a Public Administrator under the act (See Code Civ. Proc. § 2595 [Laws of 1914, ch. 443]), and in filling vacancies in that office whenever they occurred midyear thereafter. Thus were preserved the recognized advantages of continuity in service in a public office.

Before reaching this conclusion we have taken into consideration the entire statute, as the rule requires of us, and have been influenced by the language of the second paragraph, quoted above, which strongly suggests that the interpretation outlined above, which we conclude to be correct, is in line with the Legislature's purpose. We have not overlooked the use in the statute of the word " succeeding " emphasized by the respondent and found in the clause, " * * * and to hold office for the term of five years from the first day of January succeeding his appointment." This clause appears in substantially the same form in both paragraphs. The word " succeeding," when considered in its context, refers clearly either to the first appointment to be made under the statute or to appointments made

thereafter to fill vacancies occurring during any calendar year.

We do not share the respondent Dethloff's view that on occasions when in normal circumstances a Public Administrator's term of office expires on December 31st, as in the case now before us, the power of appointment is to be exercised on the anniversary of the effective date of the original statute or ten days thereafter. The facts in the case at bar serve to prove the error of such an interpretation which, as we have seen, contravenes established principles of common law and statutory construction. The power of appointment is to be exercised by whomever may be the qualified and acting Surrogate of Erie County on the date when a vacancy has occurred in the office of Public Administrator.

It follows that the judgment should be reversed and judgment directed in favor of the defendant Sapowitch, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH and CONWAY, JJ., concur; RIPPEY, J., dissents; SEARS, J., taking no part.

Judgment accordingly.