**FEDERAL TRADE COMMISSION, Petitioner-Appellee,**

v.

**Fred J. BOWMAN, President, Wilson Athletic Goods Manufacturing Company, Defendant-Appellant.**

**No. 12068.**

United States Court of Appeals Seventh Circuit.

Oct. 14, 1957.

Louis R. Simpson, Thomas Freeman, Howard C. Parson, Chicago, Ill., for appellant.

James E. Corkey, Asst. General Counsel, Earl W. Kintner, General Counsel, Carleton A. Harkrader, Attorney, Federal Trade Commission, Washington, D. C., for appellee.

Before LINDLEY, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is an appeal from an order of the District Court granting the application of the Federal Trade Commission for enforcement of a subpoena duces tecum against the defendant pursuant to Section 9 of the Federal Trade Commission Act, 15 U.S.C.A. § 49.

The subpoena was issued by the Hearing Examiner in a proceeding entitled "In the Matter of A. G. Spalding & Bros., Inc., a corporation", wherein the complaint charged A. G. Spalding & Bros., Inc. with a violation of Section 7 of the Clayton Act, 15 U.S.C.A. § 18, and required the defendant to produce before the Commission certain books, records and documents of Wilson Athletic Goods Manufacturing Company and its subsidiaries. As we understand from counsel in argument before this court, there is no question that the documents covered by the subpoena relate in some manner to the matter under investigation.

The defendant appeared before the Hearing Examiner but refused, upon advice of counsel, to produce the requested documents on the ground that the Commission was without authority in law to compel production because Wilson Athletic Goods Manufacturing Company was not a party to the proceedings and was not being investigated or proceeded against by the Commission.

The Federal Trade Commission then made application to the District Court for enforcement of the subpoena. The District Court issued a show cause order and, after answer and hearing, entered an order for enforcement, and this appeal followed.

The question presented by this appeal, as we see it, requires construction of the first sentence of Section 9 which reads as follows:

"That for the purposes of this Act the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

to determine whether the Federal Trade Commission is thereby given the power to require the production of documents of a corporation not being investigated or proceeded against by subpoena duces tecum.

This identical question was before the Second Circuit in the case of Federal Trade Commission v. Tuttle, 2 Cir., 1957, 244 F.2d 605, certiorari denied 354 U.S. 925, 77 S.Ct. 925, 1 L.Ed.2d 1436, and the majority held that Section 9 grants subpoena power for the production of documentary evidence relating to any matter under investigation.

■ The court there held that there is sufficient ambiguity in Section 9 to permit consideration of the relevant legislative history, citing Mastro Plastics Corp.

v. National Labor Relations Board, 350 U.S. 270, 287, 76 S.Ct. 349, 100 L.Ed. 309, and, after a full and complete résumé of the legislative history, concludes that, in applying the common rule of statutory construction that we must not be guided by a single sentence or part thereof, but we must rather look to the provisions of the whole act in light of the object sought to be accomplished, the second half of the first sentence of Section 9 must be construed to mean the production of all documentary evidence relating to any matter under investigation.

The defendant cites and relies upon the case of Federal Trade Commission v. Baltimore Grain Co., D. C. Maryland, 1922, 284 F. 886, affirmed 267 U.S. 586, 45 S.Ct. 461, 69 L.Ed. 800. In that case the Commission sought mandamus to compel the respondent corporations to permit the agents of the Commission to examine, inspect and copy their records and documents. That is not the situation here. Section 9 expressly limits such right in case of a corporation being investigated or proceeded against. The Baltimore Grain case, therefore, has no application here because the Commission has not asked permission for its agents to examine, inspect and copy the documents of Wilson Athletic Goods Manufacturing Company but rather that they be produced under a subpoena duces tecum for use in a hearing relating to the matter under investigation. We must assume that unless the documents produced are relevant to the matter under investigation their use in the hearing will not be permitted.

The defendant does not contend that he can not be compelled to attend and testify as a witness, for there can be no question that Section 9 empowers the Commission to compel any witness to attend and testify relating to any matter under investigation. To construe the last half of the first sentence of Section 9 so as to give the Commission power to compel the defendant to attend and testify as a witness concerning the records of his corporation but not of requiring him to produce those records is so incongruous that the mere assertion exposes its fallacy, therefore, when we look to the provisions of the entire Act and its object and policy the word "such" has to be construed as referring to the phrase "relating to any matter under investigation".

The order of the District Court enforcing the subpoena duces tecum is

Affirmed.