**FEDERAL TRADE COMMISSION,**
Petitioner-Appellant,

v.

John R. **HARRELL** and Natalia E. Harrell, Respondents-Appellees.

**No. 13838.**

United States Court of Appeals
Seventh Circuit.

Jan. 24, 1963.

Rehearing Denied March 14, 1963.

J. B. Truly, Asst. Gen. Counsel, John Gordon Underwood, Attorney, Federal Trade Commission, Washington, D. C., James McI. Henderson, General Counsel, Alvin L. Berman, Attorney, Attorneys. for Federal Trade Commission, for petitioner.

Theodore W. Miller, Chicago, Ill., for respondents.

Before DUFFY, KNOCH and MAJOR, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the District Court denying the application of the Federal Trade Commission for an order requiring respondents to testify and produce documentary evidence in accordance with an administrative subpoena duces tecum issued by the Commission pursuant to Section 9 of the Fed-

eral Trade Commission Act (15 U.S.C. § 49).

The Commission, in the course of an investigation to determine whether respondents are or have been engaged in unfair and deceptive acts and practices in connection with the interstate sale of mausoleum plans and franchises to operate mausoleums, issued an administrative subpoena duces tecum to the respondents. The subpoena called for the records, or in lieu thereof, a sworn statement, showing the names and addresses of all persons owning or participating in the management of Harrell and Company, all mausoleum franchise holders located outside of Illinois, all mausoleum franchise holders located outside of Illinois who have made application for refunds, and all franchise holders so located to whom refunds have been made. In addition, the subpoena called for specimen copies of advertising and promotional material used in interstate commerce; all franchises, agreements, and correspondence with franchise holders located outside of Illinois. Also, a statement of the annual gross income of Harrell and Company from the sale of plans and from royalties as well as the total number of mausoleums built under these plans.

The decision of the District Court was that under Section 9, the Commission may subpoena only documentary evidence of corporations being investigated or proceeded against, and that Section 9 did not apply to individuals.

Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, provides in part:

"For the purposes of sections 41–46 and 47–48 of this title the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the produc-

tion of all such documentary evidence relating to any matter under investigation. * * *

"Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence. * * * * * *

" * * * But no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify, or produce evidence, documentary or otherwise, before the commission in obedience to a subpoena issued by it * * *."

The punctuation in the first paragraph of Section 9 does make for confusion. If a period had been used after the word "against" instead of a semicolon, in all likelihood, we would not have this controversy before us.

It is apparent the first paragraph of Section 9 intermingles two separate and distinct investigational powers granted to the Commission, (1) the right of access and the right to copy any documentary evidence of a corporation being investigated, and (2) the subpoena power relating to any other matter under investigation.

That the powers are separate from each other is shown by reference to the other provisions of the Act. Access power may be utilized at the office of the corporation and enforced by the Attorney General. The subpoena power can be utilized at any designated place and the Commission may proceed for enforcement. Penalty for denial of access power is a fine or imprisonment for not more than three years or both. As to the subpoena power, the penalty is the same amount of fine, but the limit of im-

prisonment is one year or both fine and imprisonment.

■ It will be noted that Congress included an immunity provision in Section 9 of the Act. However, if a natural person has books and papers of a corporation in his possession, he does not have the protection of the Fifth Amendment with reference thereto in spite of the fact they may contain matters which might tend to incriminate him. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771.

We quote with approval from Federal Trade Commission v. Tuttle, 2 Cir., 244 F.2d 605, 613, cert. den. 354 U.S. 925, 77 S.Ct. 1379, 1 L.Ed.2d 1436; " * * * The inference is warranted that the 'immunity' provision was made part of Section 9 of the Federal Trade Commission Act, in order that the Commission might compel the production of books and papers belonging to natural persons, or to partnerships being examined through a resident partner * * *. That conclusion negatives the idea that the subpoena power of the Commission under Section 9 is limited to documents of a corporation under investigation or being proceeded against."

The District Court recognized the authority of the Commission under Section 5 of the Act (15 U.S.C. § 45) to prevent persons, partnerships or corporations from using unfair methods of competition and unfair and deceptive acts or practices. Yet, it construed Section 9 so as to deprive the Commission of a power which would seem to be essential to a proper enforcement of the Act.

The Federal Trade Commission Act should be read as an integrated whole. In Federal Trade Commission v. Bowman, 7 Cir., 248 F.2d 456, this Court was considering the argument that the Commission had no power to require the production of documents of a corporation which was not being investigated or proceeded against.

We overruled this contention citing with approval Federal Trade Commission v. Tuttle, 2 Cir., 244 F.2d 605. We pointed out that the Tuttle case held that Section 9 grants subpoena power for the production of documentary evidence relating to any matter under investigation.

Since the Federal Trade Commission was organized in 1914, it has issued a large number of subpoenas addressed to individuals. This practice is well known to Congress, particularly as to investigations under the Clayton Act. As far as we are advised, Congress has not suggested any changes in this respect.

The access and subpoena powers of the Federal Trade Commission are by reference incorporated in the Packers & Stockyards Act (42 Stat. 168; 7 U.S.C. § 222), and in the Fair Labor Standards Act (52 Stat. 1065; 29 U.S.C. § 209). Both the Secretary of Agriculture in the administration of the Packers & Stockyards Act and the Secretary of Labor in the administration of the Fair Labor Standards Act, have consistently interpreted the subpoena provisions of the Federal Trade Commission Act to apply to individuals and corporations, whether or not they were being investigated or proceeded against.

■ We have also examined the legislative history referred to in the brief of the Commission. We are satisfied from this legislative history that the construction given by the District Court of the power of the Commission to issue subpoenas, was erroneous.

The order of the District Court denying the application of the Federal Trade Commission for an order requiring respondents to testify and produce documentary evidence in accordance with an administrative subpoena duces tecum is

Reversed.