**Orville L. FREEMAN, Secretary of Agriculture of the United States, Petitioner-Appellee,**

v.

**BROWN BROTHERS HARRIMAN AND COMPANY, Respondent-Appellant.**

**No. 347, Docket 30335.**

United States Court of Appeals Second Circuit.

Argued March 3, 1966.

Decided March 8, 1966.

———◆———

Alan G. Blumberg, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York and Arthur S. Olick, Asst. U. S. Atty., New York City, on the brief), for petitioner-appellee.

Robert Fiske, Jr., New York City (Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, on the brief), for respondent-appellant.

Before LUMBARD, Chief Judge, KAUFMAN, Circuit Judge, and FEINBERG, District Judge.*

PER CURIAM:

The question for decision is whether the Secretary of Agriculture has authority to subpoena, under Section 10(h) of the Agricultural Marketing Agreement Act, 7 U.S.C. § 610(h), witnesses who are not themselves subject to the regulatory provisions of that act. Brown Brothers Harriman and Company, a private banking company, appeals from an order of the District Court for the Southern District of New York enforcing an administrative subpoena duces tecum served on the bank for the records of a customer's account. The subpoena was issued in the course of an investigation into unlawful rebates allegedly paid by

---

* Sitting by designation.

milk producers to handlers through brokers and sought the production of an account controlled by one Sol Zausner, a broker. The Secretary conceded for purposes of this proceeding that neither the bank nor Zausner was subject to the provisions of the act.

We agree with the district court that § 610(h) does authorize the Secretary to subpoena witnesses who are not subject to the provisions of the act and we reject the narrow interpretation of the statute urged by the appellants for the reasons stated in Judge Bryan's opinion, D.C., 250 F.Supp. 32 (Feb. 3, 1966) and by Judge Lord in Freeman v. Fidelity-Philadelphia Trust Co., 248 F. Supp. 487, 491–492 (E.D.Pa., 1965).

The order of the district court enforcing the subpoena is affirmed.