**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**Sid COCKRELL, Executive Director, and Bexar County Medical Society,**
Respondents.

Misc. No. 77–0026.

United States District Court,
District of Columbia.

March 18, 1977.

March 30, 1977.

As Amended May 2, 1977.

Robert J. Lewis, Gen. Counsel, Gerald P. Norton, Deputy Gen. Counsel, Jerold D.

Cummins, Acting Asst. Gen. Counsel, Washington, D.C., for petitioner FTC.

Thomas H. Sharp, Jr., Stephen E. Walraven, San Antonio, Tex., Charles M. Darling, IV, Washington, D.C., for respondents.

CHARLES R. RICHEY, District Judge.

This case is before the Court on the petition of the Federal Trade Commission for enforcement of a subpoena *duces tecum* issued by an FTC Administrative Law Judge to the respondents, Bexar County Medical Society and its Executive Director, Sid Cockrell. The respondents oppose enforcement of the subpoena *duces tecum* on the ground that the FTC does not have the authority to issue such subpoenas to "a non-profit professional society organized to promote professional excellence and to advance the public health." They also oppose enforcement on the grounds that (1) the subpoena here in issue places an "oppressive burden" on the medical society and its members, and (2) the documents sought contain "sensitive and confidential information."

As described in this Court's opinion of March 18, 1977, wherein the Court denied respondents' motion to dismiss or in the alternative to transfer, the subpoena here in issue was issued in the course of an adjudicative proceeding concerning an FTC complaint that charges that the Commission has reason to believe that the American Medical Association, the Connecticut State Medical Society, and the New Haven County Medical Association, Inc., have violated section 5 of the FTC Act, 15 U.S.C. § 45 (1970), *as amended,* (Supp. V 1975), by agreeing to prevent or hinder competition among physicians. Respondents have not, and, indeed, it appears they could not, challenge the FTC's authority to conduct the adjudicative proceeding that underlies the subpoena here in issue.

Respondents' argument that the FTC does not have the authority to issue the subpoena here in issue ultimately requires the Court to resolve one question—whether the Federal Trade Commission Act confers authority upon the Commission to issue subpoenas for documentary evidence to a "third-party witness" which is not the focus of an FTC investigation or proceeding and which *could not be* the subject of such an investigation or proceeding. Respondents contend, and the Commission does not argue otherwise, that the Bexar County Medical Society could not be the subject of an FTC investigation or proceeding because the Commission's investigatory authority is limited to any "person, partnership, or corporation engaged in or whose business affects commerce." 15 U.S.C. § 46 (1970), *as amended,* (Supp. V 1975).[1]

Section 9 of the FTC Act, 15 U.S.C. § 49 (1970), *as amended,* (Supp. V 1975), authorizes the issuance and enforcement of subpoenas in connection with FTC investigations and proceedings. In relevant part, it provides:

For the purposes of sections 41 to 46 and 47 to 58 of this title the Commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. . . .

. . . And in case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any person, partnership, or cor-

---

1. The Commission's authority to initiate proceedings is similarly limited. 15 U.S.C. § 45 (1970), *as amended,* (Supp. V 1975).

poration issue an order requiring such person, partnership, or corporation to appear before the Commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question. . . .

Respondents' argument is essentially one of statutory construction. The first paragraph of section 9 is, admittedly, somewhat ambiguous: The grant of power to the Commission to require by subpoena the production of "all such documentary evidence" arguably refers to the previous sentence and restricts the Commission's subpoena power to "any documentary evidence of any person, partnership, or corporation being investigated or proceeded against." Notwithstanding this literal ambiguity, it is well-settled that this section authorizes the Commission to subpoena documentary evidence from parties *not* the subject of an investigation or proceeding. *See FTC v. Harrell,* 313 F.2d 854 (7th Cir. 1963); *FTC v. Tuttle,* 244 F.2d 605, 615–16 (2d Cir. 1957), *cert. denied,* 354 U.S. 925, 77 S.Ct. 1379, 1 L.Ed.2d 1436 (1957); *United States v. Saks & Co.,* 426 F.Supp. 812 (S.D. N.Y.1976). *See also FTC v. Texaco, Inc.,* 555 F.2d 862 at 883 n. 59 (D.C. Cir. 1977). Respondents do not really dispute this conclusion. However, they do make the statutory argument that the Court should infer from section 9 a distinction *between* subpoenas to persons, partnerships, or corporations which the Commission has the statutory authority to investigate or to proceed against *and* persons, partnerships, or corporations that the Commission could never investigate or proceed against.[2]

In support of their argument, respondents rely on the recent decision by the Seventh Circuit in *FTC v. Miller,* 549 F.2d 452 (1977). In that case, the court reversed the district court's order enforcing FTC subpoenas against respondent Morgan Drive Away, Inc., a common carrier engaged in the business of transporting mobile homes and subject to regulation by the Interstate Commerce Commission. The court held that Morgan was exempted from investigation or proceedings by the FTC as a result of the "common carrier exemptions" in sections 5 and 6 of the FTC Act. Respondents read *Miller* as holding that the FTC does not have the authority to subpoena documentary evidence from common carriers because they are exempted from the Commission's investigative and proceeding authority. *Miller,* however, does not hold that at all. In *Miller,* respondent Morgan was not subpoenaed as a "third party witness;" rather, the investigation being conducted by the Commission, pursuant to which the subpoena was issued, itself focused on Morgan. The court merely held that the underlying investigation exceeded the Commission's authority because of the "common carrier exemption," and therefore any subpoenas issued pursuant thereto should not be enforced because they did not seek evidence "relating to [a] matter under investigation." 15 U.S.C. § 49. *See* 549 F. 2d at 456. Since the proceeding underlying the subpoenas here at issue is conceded to be within the Commission's authority, *Miller* does not support respondents' argument.

Respondents do not proffer, and the Court is unaware of, other authority for their interpretation of section 9.[3] The only cases that have considered such a limited reading of section 9 have involved subpoenas issued by the Secretary of Agriculture pursuant to section 10(h) of the Agricultural Marketing Agreement Act, 7 U.S.C. § 610(h) (1970), *Freeman v. Brown Brothers Harriman and Co.,* 250 F.Supp. 32 (S.D.N.Y. 1966), *aff'd* 357 F.2d 741 (2d Cir.), *cert.*

---

**2.** Despite respondents' conclusory assertion to the contrary, it is clear that they are "persons" within the meaning of the FTC Act, and section 9 in particular. *See* 1 U.S.C. § 1 (1970). Nothing in the Act or its legislative history (including the legislative history of the recent amendments made by the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, P.L. 93–637) indicates otherwise.

**3.** Respondents' reliance on *Community Blood Bank of Kansas City Area v. FTC,* 405 F.2d 1011 (8th Cir. 1969), is totally misplaced. That case only considered the scope of the Commission's regulatory authority and does not suggest the limitation on the Commission's subpoena authority urged by respondents.

*denied,* 384 U.S. 933, 86 S.Ct. 1446, 16 L.Ed.2d 532 (1966), and section 402 of the Packers and Stockyards Act, 7 U.S.C. § 222 (1970), *United States v. Marshall Durbin & Co.,* 363 F.2d 1 (5th Cir. 1966). Both of these statutes expressly incorporate the scope of section 9 of the FTC Act, and both courts concluded that the scope of that subpoena power extended to parties that were not subject to the regulatory authority of the agency issuing the subpoena. These cases counsel a similarly expansive reading of the FTC's subpoena authority pursuant to section 9. Moreover, a contrary reading of section 9 would undermine the clear intent of Congress "that the Commission should have adequate subpoena power to perform its duties." *FTC v. Lonning,* 539 F.2d 202, 209 (D.C. Cir. 1976); *FTC v. Tuttle,* 244 F.2d at 614. Accordingly, the Court rejects respondents' narrow interpretation of section 9, and holds that respondents are subject to the Commission's subpoena power.

■ Respondents also oppose enforcement of the subpoena on the ground that it "places an oppressive burden on the medical society effectively halting or harming the society's services to the community." The appropriate standard of review of subpoenas challenged as burdensome was recently articulated by the Court of Appeals for this Circuit:

> [T]he question is whether the demand is *unduly* burdensome or *unreasonably* broad. Some burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest. The burden of showing that the request is unreasonable is on the subpoenaed party. Further, that burden is not easily met where, as here, the agency inquiry is pursuant to a lawful purpose and the requested documents are relevant to that purpose. Broadness alone is not sufficient justification to refuse enforcement of a subpoena. Thus courts have refused to modify investigative subpoenas unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business.

*FTC v. Texaco, supra,* 555 F.2d at 882 (footnotes omitted). Applying this standard, it is clear that respondents have not sustained their burden of proving that the subpoena is unduly burdensome or unreasonably broad. Admittedly, the Commission's initial subpoena sought an extremely broad range of documents. (*See* Exhibit 1). However, the Administrative Law Judge substantially narrowed the scope of the subpoena by amending it to exclude

> documents relating to [the society's] finances, educational programs, legislative operations, recruitment of new members, recreational events, malpractice allegations, physicians' fees, physician-patient improprieties, or the activities described in the affidavit by Sid Cockrell, attached to the Medical Society's motion as Exhibit B, and identified by the subletters (a), (c), (d), (e), (f), (g), (h), and (i).

(Exhibit 3, at 4).

Respondents have not proposed any modifications to the subpoena that would make the subpoena less burdensome and still enable the Commission to obtain information in the possession of the respondents concerning ethical standards and their interpretation, application, and enforcement. Rather, respondents merely allege that the Commission should be required to be more specific in its subpoena. The Court has examined the subpoena, as modified by the Administrative Law Judge, and concludes that it seeks documents reasonably relevant to the Commission's investigation, and that, on its face, its scope is not unreasonable. Respondents have not sustained their burden of proving that the subpoena, as applied, would be unreasonable. Accordingly, the Court will neither require modification nor deny enforcement of the subpoena because of its scope.

■ Respondents' final ground in opposition to enforcement of the subpoena is that the documents requested contain sensitive and confidential information and the Commission has refused to give any meaningful protection to that confidentiality. The Ad-

ministrative Law Judge issued a protective order which states:

IT IS ORDERED that complaint counsel shall not disclose to any person not employed by the Federal Trade Commission any information obtained from documents produced in response to the subpoena which is not (1) public, (2) also obtained by complaint counsel from other sources, or (3) otherwise required to be disclosed by law without first obtaining permission from the undersigned.

(Exhibit 4). Respondents contend that this order is insufficient and that only an order placing strict limits on the use and disclosure of the documents and requiring that the respondents be given advance notice of any disclosure would suffice to protect the confidentiality of the documents. It would clearly be inappropriate for the Court to place any limits on the use or disclosure of documents "[a]t least until the subpoenaed information has been made available to the agency and it has had an opportunity to rule on specific requests for confidential treatment." *FTC v. Texaco, supra,* 555 F.2d at 884. However, it would not impose any significant burden on the Commission to require it to give the respondents notice of its intent to release any documents submitted by respondents in compliance with the subpoena which respondents believe to contain confidential information, and such a procedure would protect respondents' interests by providing "an opportunity for judicial review at some later date, if [they] believe that a particular proposed disclosure is improper." *Id.* at 885. Since the protective order issued by the Administrative Law Judge does not require such notice to the respondents, the Court will impose such a notice requirement on the Commission's use of the documents.

The Court will therefore order respondents to comply with the Commission's subpoena *duces tecum* as modified by the Administrative Law Judge. In submitting the subpoenaed documents, respondents should inform the Commission in writing as to those documents that respondents believe to contain confidential information that should not be disclosed. The Court will require the Commission, then, to give respondents ten (10) days notice before disclosing to anyone "outside the employ of the FTC (other than an outside consultant retained by the FTC who has agreed not to disclose the documents)," *Id.* at 884, any such documents so claimed to be confidential.

An Order in accordance with the foregoing will be issued of event date herewith.

## ORDER

Petitioner, the Federal Trade Commission, having invoked the aid of this Court, pursuant to 15 U.S.C. § 49 (Supp. V 1975), in requiring Sid Cockrell, Executive Director, and the Bexar County Medical Society to comply with an administrative subpoena *duces tecum* issued by petitioner in an adjudicative proceeding being conducted by petitioner, and the Court having considered the verified Petition and other papers of record, and the Court finding that the subpoena is within petitioner's authority, that the information demanded by the subpoena is not too indefinite and is reasonably relevant, and the Court being of opinion that the relief sought by petitioner should be granted, it is, by the Court, this 29th day of March, 1977,

ORDERED, that petitioner's petition for enforcement of its administrative subpoena *duces tecum* be, and the same hereby is, granted; and it is

FURTHER ORDERED, that respondents Sid Cockrell, Executive Director, and the Bexar County Medical Society shall appear before a duly designated representative of petitioner at a time and place in the District of Columbia to be designated by petitioner upon not less than ten (10) days' notice and then and there to testify and produce documentary evidence in accordance with the Federal Trade Commission subpoena issued September 27, 1976, a copy of which is attached to the aforesaid Petition as Exhibit 1, as amended by the order of the Administrative Law Judge issued November 15, 1976, a copy of which is attached to the Petition as Exhibit 3. Failure to comply with the terms and conditions of this order

shall constitute a contempt of this Court; and it is

FURTHER ORDERED, that nothing herein shall preclude respondents from requesting of the Commission's Administrative Law Judge additional protection for particular documents submitted in response to the Commission's subpoena, and the Commission shall not disclose documents for which such protection is requested to anyone outside the employ of the Commission (other than an outside consultant retained by the Commission who has agreed not to disclose the documents) until having given respondents not less than 10 days notice of (i) the Administrative Law Judge's ruling on the request for additional protection, or (ii) if the request is pending, the Commission's decision to disclose the documents; *Except that,* (a) with respect to an official request for such documents from a committee or subcommittee of Congress or a court (by compulsory process), the Commission shall advise the Congressional committee or subcommittee or the court that Bexar considers the material to be confidential, and shall give Bexar 10 days prior notice where possible, and in any event, as much advance notice as can reasonably be given, before releasing or granting access to the documents; and (b) the above notice provisions shall not apply to any information which (1) is in the public domain; (2) enters the public domain from a source other than the FTC or its employees; (3) was in the FTC's possession prior to disclosure by Bexar to the FTC; or (4) is supplied to the FTC or its employees by a third party lawfully in possession thereof; and it is

FURTHER ORDERED, that a certified copy of this Order be served upon respondents Sid Cockrell, Executive Director, and Bexar County Medical Society, 202 West French Place, San Antonio, Texas 78212, by the United States Marshal.