**NATIONAL CREDIT UNION ADMINIS-TRATION, Plaintiff,**

v.

**BEACON COMMUNITY FEDERAL CREDIT UNION, Defendant.**

No. 80 C 4898.

United States District Court, N. D. Illinois, E. D.

Oct. 9, 1980.

Thomas P. Sullivan, U. S. Atty., Roderick A. Palmore, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Narda J. Cisco, Evanston, Ill., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

This is a petition to enforce a subpoena duces tecum issued by the National Credit Union Administration to the Beacon Community Federal Credit Union and sought to be served on its president, the Reverend Carolina Hampton. On September 19, 1980, this court enforced the subpoena and ordered Reverend Hampton to provide officials of the National Credit Union Administration access to Beacon's books and records no later than September 24. The credit union, by its president, now moves to vacate the enforcement order, dismiss the petition to enforce, or in the alternative to stay enforcement of the compliance order.

The grounds for these motions are the same. The president of the credit union contends that this court lacks personal jurisdiction over him because he was not a named party to the petition to enforce; that no process was served on him, nor were summons issued and served either on him or on the credit union. He insists that entry of the enforcement order, without judicial proceedings against him, was a violation of his constitutional right to due process of law. For the following reasons, this court rejects these contentions and denies the motion to vacate, the motion to dismiss, and the motion to stay enforcement of the compliance order.

## I

Beacon Community Federal Credit Union is insured under the provisions of the Federal Credit Union Act, 12 U.S.C. §§ 1752 *et seq.* Under this statute, the National Credit Union Administration Board may make periodic examinations of insured federal credit unions, 12 U.S.C. § 1789(a)(8); and "[i]n connection [therewith], the Board, or its designated representatives, shall have power . . . to issue subpoenas and subpoenas duces tecum and, for the enforcement thereof, to apply to the United States District Court for the judicial district . . . in which the principal office of the credit union is located . . . . Such courts shall have jurisdiction and power to order and require compliance with any such subpoena." 12 U.S.C. § 1784(b).

The petition to enforce and the affidavits in support disclose that on August 25, 1980 examiners of the Board attempted to serve a subpoena duces tecum on the Reverend Hampton, president of Beacon. It had been issued by the Board's secretary and asked for Beacon's books and records to be examined on the credit union's premises. Reverend Hampton refused to accept service and refused to allow the Board's designated representatives to see the books and records. Thereafter, the Board filed its petition to enforce which this court granted because the allegations and affidavit in support showed that issuance of the subpoena was within the authority of the National Credit Union Administration, and the examination sought was authorized by the applicable statutes. The order was served on the Reverend Hampton as president of the credit union on September 22, 1980; it has not been obeyed.

## II

The power to issue a subpoena duces tecum is one that Congress has given to a number of federal agencies and departments of government. For example, the statute authorizing the Secretary of Labor

to administer the Labor–Management Relations Act and the one under which he administers the Fair Labor Standards Act, contain provisions for issuance of subpoena duces tecum and give United States district courts jurisdiction to enforce them. 29 U.S.C. §§ 161(1), (2) and 209. Under 12 U.S.C. § 1818(n), the statute most analogous to the one before the court, the Federal Deposit Insurance Corporation can issue subpoenas duces tecum; and it may apply for an enforcement order from any United States district court in the judicial district where the relevant proceedings are pending. The statute in this case, enacted by Congress in 1970, has never been construed in a reported decision of a federal court; but the many cases concerned with identical or similar language in other statutes are a sufficient guide for this court's construction of 12 U.S.C. § 1784(b).

Starting with the statutory language itself, *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 197, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976), it appears that when the Board authorizes issuance of a subpoena duces tecum, its Secretary or a designated representative, can issue it; no summons or notice of issuance need be given to any intended respondent. The Federal Rules of Civil Procedure do not restrict or control an administrative subpoena. *Cf. Bowles v. Bay of New York Coal & Supply Corp.*, 152 F.2d 330, 331 (2nd Cir. 1945); *F. T. C. v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980). On issuance of a subpoena duces tecum, pursuant to a statute like 12 U.S.C. § 1784(b), it may be addressed to any natural person who has in his or her possession books and papers of a credit union or corporation being examined, even though that person is not subject to the regulatory powers of the agency. *See F. T. C. v. Harrell*, 313 F.2d 854 (7th Cir. 1963); *cf. Freeman v. Fidelity–Philadelphia Trust Company*, 248 F.Supp. 487, 492 (E.D.Pa.1965). While service of a subpoena does not place the records sought in custodia legis, in a strict sense, it does place the subpoenaed person on formal notice that the records are required for judicial or administrative proceedings. *In Re D. I. Operating Company*, 240 F.Supp. 672, 677 (D.Nev.1965).

When a petition to enforce a subpoena is filed, the only judicial inquiry to be made is whether the evidence sought is plainly incompetent or irrelevant to any lawful purpose of the agency, *United States v. Feaster*, 376 F.2d 147 (5th Cir.), *cert. denied* 389 U.S. 920, 88 S.Ct. 237, 19 L.Ed.2d 265 (1967). A subpoena issued by a federal regulatory agency is sufficient if the information or evidence sought is within authority of the agency, the demand is not too indefinite, and the evidence is reasonably relevant to the agency purpose. *Security & Exchange Commission v. Arthur Young & Co.*, 584 F.2d 1018, 190 U.S.App.D.C. 37 (C.A.D.C.1978), *cert. denied* 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979). Enforcement proceedings of this sort generally are summary in nature. *United States v. Anaconda Co.*, 445 F.Supp. 486, 491 (D.C.D.C. 1977). And questions concerning agency subpoenas should be promptly determined so that if they are valid, they may be speedily enforced. *Securities & Exchange Commission v. First Security Bank of Utah*, 447 F.2d 166, 168 (10th Cir. 1971), *cert. denied* 404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed.2d 729 (1972).

This is particularly true of a subpoena duces tecum for books and records of a federally insured credit union. When 12 U.S.C. § 1784(b) was included in legislation that provided for credit union deposit insurance, it was known that "[w]ithin the United States there [were] more than 24,000 credit unions which [held] savings of over 22 million Americans. These savings, which total almost $14 billion, represent in large part the earnings of the 'little man' who can least afford to sustain an unprotected loss." Pub.L. 91–468; 1970 U.S.Code Cong. and Adm.News, pp. 4166, 4167. Today, ten years later, the number of credit unions, and of affected Americans, and their total savings have almost doubled; and it is still "the little man" who is protected by the examination of credit union books and records, such as the one sought by the Board when it issued the subpoena duces tecum.

When the petition to enforce was filed with this court, the subpoena was ex-

amined. The court found it was issued under the authority of 12 U.S.C. §§ 1756, 1784(a), (b), and 1789(a)(8) "in connection with an examination of the Beacon Community Federal Credit Union and at the instance of the National Credit Union Administration Board . . . ." Therefore, the subpoena was issued under authority of law and for a purpose which by statute has been committed to the Board's jurisdiction. It specifically described the documents which were to be furnished by the addressee, Reverend Carolina Hampton, president of the credit union; it was not indefinite in the information sought; and its scope was reasonably relevant to the agency purpose. Accordingly, this court had to enforce it "because of the Government's interest in expeditious investigation to carry out its congressionally mandated duties." *United States v. Anaconda Co.*, 445 F.Supp. 486, 490 (D.C.D.C.1977); *cf. Oklahoma Press Publishing Company v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946).

 Of course, the recipient of an agency subpoena, like Reverend Hampton, may challenge the reasons behind its issuance. *Ayers v. Securities & Exchange Commission*, 482 F.Supp. 747, 751 (D.Mont.1980). If it was issued "for an improper purpose such as to harass . . . or for any other purpose reflecting on the good faith of the particular investigation," it will not be enforced. *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).

However, such a recipient, on claimed jurisdictional grounds, is not entitled to an order vacating enforcement of the subpoena, or one dismissing the petition to enforce, or one staying compliance with the order. This court has power to enforce a subpoena sought to be served by the National Credit Union Administration Board when the record shows it was issued in connection with an inquiry which the agency had authority to conduct; that the demand was not too indefinite, and the information sought was reasonably relevant to the agency's purpose. *Securities and Exchange Commission v. Arthur Young & Co.*, 584 F.2d 1018, 190 U.S.App.D.C. 37 (C.A.D.

C.1978), cert. denied 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979).

So ordered.